ALLEN v. LORING *et al.*

Attachment: PRIORITY OF LIENS: NAMES. In an action against Sarah H. Loring and Sheldon H. Loring, her husband, real estate was attached as property of Sarah H. Loring. In another action the same property was attached as the property of Sheldon H. Loring. The deed of conveyance showing title to the property was to S. H. Loring, which would stand for either Sarah H. or Sheldon H. It was claimed that the last attachment was entitled to priority on the ground that the property belonged to the husband, Sheldon H. Loring. *Held*, that the burden was upon the claimant to so show, and that in the absence of all testimony showing as to whom the conveyance was in fact made, the court erred in holding the last levy to be the prior lien.

*Appeal from Cass Circuit Court.*

FRIDAY, DECEMBER 12.

THE plaintiff and the intervenor, McDaniels, each claim a priority of lien, in virtue of an attachment, upon lot 4, block 50, in the town of Atlantic.   The cause was tried by the court, and a judgment was rendered for the intervenor.   Plaintiff appeals. The material facts are stated in the opinion.

*Temple & Phelps* for the appellant.

*Andrews & Griggs* for the appellee.

DAY, J. — On the 27th day of December, 1870, the plaintiff, Allen, commenced an action by attachment against Sarah H. Loring, Sheldon H. Loring, M. A. T. Bennett and W. T. Bennett, and on the same day the writ was duly levied on lot 4, block 50, in the town of Atlantic.

On the 10th day of February, 1871, McDaniels commenced an action against Loring & Bennett, a firm composed of Sheldon H. Loring & William T. Bennett, and on the same day caused a writ of attachment to be levied on said lot 4.   On the 15th day of August, 1871, Allen recovered judgment for $7,880.27, and an order for a special execution against the lot in question.

On the same day, McDaniels recovered judgment against Loring & Bennett for $1,151.31, with an award of special execution against the same property.   On the 17th day of August McDaniels filed his petition of intervention.   Upon the trial it was shown that Sarah H. Loring had executed to her husband, Sheldon H. Loring, a power of attorney, dated October 3, 1869, authorizing him in her stead to make use of all moneys or securities deposited by her in the Atlantic Bank, known as the banking house of Loring & Bennett, and that M. A. T. Bennett had executed a like power of attorney to her

husband, William T. Bennett. Bennett left the State in October, 1870, and Loring about the 6th of November, 1870, and neither has since returned. The deed to the lot in controversy is dated December 19, 1870, and executed to S. H. Loring, which initials may stand for either Sarah H., the wife, or Sheldon H., the husband. The intervenor, McDaniels, claims the lot as the property of Sheldon H. Loring. The plaintiff, Allen, claims that the lot belongs to Sarah H. Loring.

The court entered the following judgment :

" It is ordered, adjudged and considered that the attachment of *John McDaniels* v. *Sheldon H. Loring* and *Wm. T. Bennett*, members constituting the firm of Loring & Bennett * *
is prior to that of *B. F. Allen* v. *Sarah H. Loring et al.*,
* * as to lot No. 4, block No. 50, town of Atlantic."

In this judgment the court, we think, erred. Allen's attachment was first levied. The intervenor's action is against Sheldon H. Loring, and he acquired no right in virtue of his attachment, unless the property attached belonged to his alleged debtor. He appears in court asking affirmative relief, to wit: that the lien of his attachment be preferred to that of one previously levied. The burden of proof is upon him to establish the facts upon which he predicates his right to this relief. The deed upon its face is just as much a conveyance to the wife as to the husband. Under the circumstances of this case there is no presumption that the husband was intended as grantee rather than the wife. The husband had been managing the wife's property under a power of attorney, and the deed was executed after the husband had, as it appears, permanently left the State. The intervenor, in order to be entitled to relief, must, therefore, produce some evidence showing that his debtor was the grantee named in the deed. Not a scintilla of such evidence has been produced. The intervenor stands with the affirmative of the issue, and without any proof to support it. He cannot, therefore, have the relief asked. Various objections are made to the validity of the plaintiff's attachment which, under the views above expressed, we need

not consider. The intervenor must show that he has a valid attachment, before he can be heard to question that of plaintiff.

The judgment of the circuit court must be

Reversed.